1

2

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

4

5

6 GUSTAVO VILLAGRANA, an individual, )      3:11-cv-00652-ECR-WGC
                                     )
7      Plaintiffs,                   )      **Order**
                                     )
8 vs.                                )
                                     )
9 RECONTRUST COMPANY, N.A.; MORTGAGE )
   ELECTRONIC REGISTRATION SYSTEM,   )
10 INC.; EAGLE HOME MORTGAGE OF       )
   CALIFORNIA INC.; FIRST CENTENNIAL )
11 TITLE; JLM TITLE, LLC; DOE         )
   INDIVIDUALS I-X; and ROE COMPANIES )
12 I-X, inclusive                     )
                                     )
13      Defendants.                   )
                                     )
14 _____)

15

16      This case arises out of allegations that Defendants wrongfully

17 foreclosed on Plaintiff's home.  Now pending before the Court is a

18 motion to dismiss (#7) filed by Defendants Countrywide Home Loans,

19 Inc. ("Countrywide"), Mortgage Electronic Registration System, Inc.

20 ("MERS"), and Recontrust Company, N.A. ("Recontrust"); Plaintiff's

21 motion to remand (#9); Plaintiff's motion to strike and for sanctions

22 and attorney's fees (#16); Defendants First Centennial Title ("First

23 Centennial") and JLM Title, LLC's ("JLM") motion to dismiss (#22);

24 Defendants Countrywide, MERS, and Recontrust's second motion to

25 dismiss (#24); Plaintiff's motion to strike (#26); Plaintiff's motion

26 for a preliminary injunction (#30); and Plaintiff's motion to amend

27 complaint (#34).  The motions are ripe and we now rule on them.

28

### I. Factual Background

On or about June 1, 2007, Plaintiff and another individual executed a promissory note in the amount of $250,000.00, Loan #A975008, in favor of Defendant Eagle Home Mortgage of California Inc. ("Eagle") in order to purchase the property located at 1004 Stanford Drive, Carson City, Nevada 89701. (Amd. Compl. ¶¶ 1-2, 16-17 (#15); Deed of Trust[1] (#24-8).)  The loan was secured with a Deed of Trust recorded on June 4, 2007 as document #368427. (Amd. Compl ¶ 2 (#15); Deed of Trust (#24-8).)  The Deed of Trust names Defendant First Centennial as the trustee and Defendant MERS as the nominee of the lender and beneficiary. (Deed of Trust (#24-8).) The Deed of Trust allows the lender to appoint a substitute trustee and provides that "MERS holds only legal title to the interests granted by Borrower in this Security Instrument," but has the right to exercise the right to foreclose and sell the Property as a nominee of the lender. (Id.)

On February 24, 2009, Defendant MERS substituted Defendant Recontrust as trustee under the Deed of Trust via a Substitution of Trustee recorded on February 26, 2009. (Substitution of Trustee (#24-9).)  Also on February 24, 2009, Defendant Recontrust executed

---

[1] Defendants Countrywide, MERS, and Recontrust have requested that the Court take judicial notice of relevant publicly recorded documents, copies of which are attached to their second motion to dismiss (#24).  This Court takes judicial notice of these public records.  See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

2

and recorded a Notice of Default and Election to Sell Under Deed of Trust.  (Notice of Default (#24-10).)

On November 26, 2010, MERS executed an Assignment of Deed of Trust (the "2010 Assignment"), assigning the Deed of Trust and the underlying note to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC/Countrywide").  (2010 Assignment (#24-11).)  The 2010 Assignment was recorded on November 30, 2010.  (Id.)  Also on November 30, 2010, BAC/Countrywide substituted Defendant Recontrust as trustee under the deed of trust.  (Second Substitution of Trustee (#30-10).)

On July 18, 2011, Defendant Recontrust recorded a Notice of Trustee's Sale, setting the sale date for August 11, 2011.  (Notice of Sale, (#24-12).)  On August 9, 2011, BAC/Countrywide assigned the Deed of Trust and the underlying note to the Federal National Mortgage Association ("FNMA"), recording the document on August 19, 2011 (the "2011 Assignment").  (2011 Assignment (#24-13).)  On August 11, 2011 the property was sold at a Trustee's Sale, and FNMA purchased the property with a credit bid of $236,446.80.  (Trustee's Deed Upon Sale (#24-14).)

## II. Procedural Background

On August 11, 2011, Plaintiff filed the original complaint (#1-2) in the First Judicial District Court of the State of Nevada in and for Carson City.  Defendants Mortgage Electronic Registration System, Inc. ("MERS"), Recontrust Company, N.A. ("Recontrust"), and Countrywide Home Loans, Inc. ("Countrywide") removed the action to

3

this Court via petition for removal (#1) on September 9, 2011.
Defendants First Centennial Title ("First Centennial") and JLM
Title, LLC ("JLM") filed a joinder (#23) to the petition for
removal(#1) on November 4, 2011.

Defendants Countrywide, MERS, and Recontrust filed a motion to
dismiss (#7) on September 30, 2011.  Plaintiff responded (#16) on
October 20, 2011 and Defendants replied (#17) on October 25, 2011.
Defendants First Centennial and JLM joined (#28) the motion to
dismiss (#7) and the reply (#17) on December 7, 2011.

Plaintiff filed a motion to remand (#9) on October 12, 2011 and
a corrected image (#13) of the motion of October 18, 2011.
Defendants Countrywide, MERS, and Recontrust responded (#20) on
October 31, 2011.  Plaintiff replied (#25) on November 10, 2011.

On October 20, 2011, Plaintiff filed the first amended
complaint (#15) alleging three causes of action: (i) Unlawful or
Fraudulent Foreclosure; (ii) Declaratory Relief; and (iii)
Injunctive Relief.

On November 3, 2011, Defendants First Centennial and JLM filed
a motion to dismiss (#22) the first amended complaint (#15).
Plaintiff responded (#26) on November 23, 2011, and Defendants did
not reply.

On November 4, 2011, Defendants Countrywide, MERS, and
Recontrust filed a motion to dismiss (#24) the first amended
complaint (#15).  Plaintiff responded (#26) on November 23, 2011,
and Defendants replied (#27) on December 5, 2011.

4

1    Plaintiff filed a motion for preliminary injunction (#30) on
2  December 9, 2011 and corresponding errata (#32) on December 21,
3  2011.  Defendants Countrywide, MERS, and Recontrust responded (#35)
4  on January 3, 2012, and Plaintiff replied (#38) on January 16, 2012.
5    Plaintiff filed a motion to amend complaint (#34) on December
6  21, 2011.  Defendants First Centennial and JLM responded (#36) on
7  January 6, 2012, and Defendants Countrywide, MERS, and Recontrust
8  responded (#37) on January 9, 2012.  Plaintiff did not file a reply.
9
10                          **III. Discussion**
11  **A. Plaintiff's Motion to Amend Complaint (#34)**
12    Pursuant to Federal Rule of Civil Procedure 15(a), leave to
13  amend is to be "freely given when justice so requires."  In general,
14  amendment should be allowed with "extreme liberality."  Owens v.
15  Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)
16  (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074,
17  1079 (9th Cir. 1990)).  If factors such as undue delay, bad faith,
18  dilatory motive, undue prejudice, or futility of amendment are
19  present, leave to amend may properly be denied in the district
20  court's discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d
21  1048, 1051-52 (9th Cir. 2003).  The futility analysis determines
22  whether the proposed amendment would survive a motion to dismiss
23  pursuant to Rule 12(b)(6).  Miller v. Rykoff-Sexton, Inc., 845 F.2d
24  209, 214 (9th Cir. 1988).
25    Plaintiff seeks leave to amend the first amended complaint
26  (#15) for the following reasons: (i) to remove causes of action
27
28                                5

previously pled; (ii) to make further allegations against Defendant First Centennial in its capacity as a trustee under the Deed of Trust; (iii) to make further allegations against Defendant MERS; and (iv) to name as a new defendant and make allegations against the Federal National Mortgage Association ("FNMA") in light of newly discovered evidence.  For the reasons stated below, the Court will deny leave to amend the complaint.

     With regard to amending the complaint in order to remove causes of action for unjust enrichment, slander of title, and civil conspiracy or alternatively civil rights violation, Plaintiff seemingly has neglected the fact that the original complaint (#1-2) has already been amended, and the first amended complaint (#15) has already eliminated the three causes of action Plaintiff now seeks to remove.  It would therefore prove futile to grant leave to amend in order to remove these three claims, so we will not grant leave on this basis.

     We also find that it would prove futile to allow Plaintiff to amend the complaint in order to make further allegations against Defendant First Centennial.  In the proposed amended complaint, Plaintiff alleges that First Centennial, as named trustee in the Deed of Trust, breached its duties of "independence" and "impartiality" by failing to warn Plaintiff that the other Defendants had falsely "usurped" First Centennial's role as trustee. First, Plaintiff cannot establish that First Centennial owed Plaintiff any duty to inform him of the conduct of the other Defendants.  See Brown v. Fed. Home Loan Mortg. Corp., No. 2:11-CV-

01228, 2011 WL 5877545, at *2 (D. Nev. Nov. 23, 2011) ("[The trustee] asserts that all other claims must also be dismissed, because a trustee owes no duties other than those required by statute. . . . [T]he Court agrees that [the trustee] does not owe special duties to Plaintiff."); Padilla v. PNC Mortg., No. 3:11-cv-0326, 2011 WL 3585484, at *3 (D. Nev. Aug. 15, 2011) ("Because plaintiffs have failed to allege sufficient facts to establish that defendants acted outside their capacities as adverse parties - namely as lender, loan service, trustee and title recordation company - during the non judicial foreclosure process, which does not in itself create a fiduciary relationship, plaintiffs' claim for breach of fiduciary duty fails to state a claim upon which relief can be granted.") (emphasis added).  "There is no fiduciary duty where, as here, the parties engaged in arms-length transactions while having diverse interests.  Absent a duty, there can be no breach."  Padilla, 2011 WL 3585484, at *3 (citing A.C. Shaw Constr. v. Washoe Cty., 784 P.2d 9, 10 (Nev. 1989)).  Moreover, the Nevada Legislature recently ratified the Court's understanding that trustees generally have no duties to homeowners in Plaintiff's position by amending Chapter 107 of the Nevada Revised Statutes to include the following: "The trustee does not have a fiduciary obligation to the grantor or any other person having an interest in the property which is subject to the deed of trust."  NEV. REV. STAT. § 107.028(5).  For these reasons, a claim that Defendant First Centennial breached its duty to Plaintiff as a named trustee on the Deed of Trust would not survive motion to dismiss - without a duty,

7

1  there can be no breach.  We will therefore deny leave to amend to
2  include these allegations against First Centennial for reason of
3  futility.

4      We likewise find that allowing Plaintiff to augment his claims
5  against Defendant MERS would prove futile.  For the most part,
6  Plaintiff's claim that the foreclosure was "fraudulent" because MERS
7  held no beneficial interest in the deed or trust and was therefore
8  without power to assign the beneficial interest in the deed of trust
9  has been stated exhaustively in the first amended complaint.  The
10 only new allegations with regard to MERS in the proposed amended
11 complaint contend that the various recorded documents, such as the
12 substitutions of trustee and the assignments of the deed of trust,
13 are void because they were not properly notarized.  These
14 allegations are completely without merit: Plaintiff baldly asserts
15 that the notarizations on the Substitution of Trustee (#24-9) and
16 the 2010 Assignment (#24-11) do not comply with Nevada law, but
17 fails to say why or otherwise allege a statutory defect.  Moreover,
18 the Court has examined the judicially noticed documents at issue,
19 and finds that they comply with Nev. Rev. Stat. § 240.1655 and §
20 240.166.  Because Plaintiff has provided no reason why these notary
21 acknowledgments are faulty, and because these allegations would not
22 survive a motion to dismiss, the Court will not permit Plaintiff to
23 amend the complaint on this basis due to futility.

24     Finally, Plaintiff seeks leave to amend in order to include a
25 new Defendant, FNMA.  Plaintiff claims that he did not know that
26 FNMA came to own Plaintiff's mortgage until he obtained a copy of
27
28                                    8

1  the Trustee's Deed Upon Sale (#24-14), which was recorded on August
2  19, 2011, eight days after Plaintiff filed the original complaint
3  (#1-2) on August 11, 2011.  However, Plaintiff was on notice of
4  FNMA's ownership of the property when Plaintiff filed the first
5  amended complaint (#15) on October 20, 2011.  Plaintiff's motion to
6  add FNMA as a defendant is therefore unduly delayed.

7       Further, the Court finds that granting Plaintiff leave to amend
8  to add allegations against FNMA would prove futile.  Plaintiff
9  contends that FNMA and the other Defendants unlawfully concealed
10 FNMA's interest in the loan in violation of Nevada's non-judicial
11 foreclosure statute, Nev. Rev. Stat. § 107.080.  Plaintiff further
12 objects that FNMA and the named Defendants did not have authority to
13 foreclose on Plaintiff's property, also in violation of Nev. Rev.
14 Stat. § 107.080 and Nevada's statute of frauds, Nev. Rev. Stat. §
15 111.205.  Finally, Plaintiff has obtained evidence that customer
16 service representatives for FNMA that FNMA acquired Plaintiff's loan
17 on July 1, 2007.  However, as will be described in further detail
18 below with regard to the pending motions to dismiss, the Court has
19 reviewed the judicially noticed recorded documents, and finds that
20 Defendants have complied with the requirements of Nev. Rev. Stat. §
21 107.080.  Trustees were properly substituted, and the beneficial
22 interest was properly assigned, and Defendants had authority to
23 foreclose on Plaintiff's property.  Moreover, Plaintiff's wrongful
24 foreclosure claim is foreclosed by Plaintiff's failure of
25 performance on the mortgage.  An action for the tort of wrongful
26 foreclosure will lie only "if the trustor or mortgagor can establish
27
28                                   9

that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).  The fact that Plaintiff failed to make the required payments on the loan is unchanged by affidavits suggesting that FNMA may have acquired the loan in 2007.  Because Plaintiff's claim against FNMA would not survive a motion to dismiss, the Court will deny leave to amend to include allegations against FNMA.

**B. Plaintiff's Motion to Remand (##9, 13)**[2]

     Under the federal removal statute, 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Removal of a case to a United States District Court may be challenged by motion, and a federal court must remand a matter if there is a lack of jurisdiction.  28 U.S.C. § 1441(c).  Removal statutes are construed restrictively and in favor of remanding a case to state court.  See

---

     [2] In the motion for leave to file an amended complaint (#34), Plaintiff's concede that federal jurisdiction is proper because Plaintiff seeks to include a federal agency, FNMA, as a defendant in the proposed amended complaint.  However, the status of FNMA as a federal agency has no bearing on this Court's jurisdiction.  Further, a party may not consent to subject matter jurisdiction, and federal court have a continuing independent obligation to determine whether subject matter jurisdiction exists.  Arbaugh v. Y&H Corp., 546 U.S. 500, 515 (2006) (citations omitted).

10

1    Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941);

2    Gaus v. Miles, Inc., 980 F.2 564, 566 (9th Cir. 1992).  On a motion

3    to remand, the removing defendant faces a strong presumption against

4    removal and bears the burden of establishing that removal is proper.

5    Gaus, 980 F.2d at 566-67; Sanchez v. Monumental Life Ins. Co., 102

6    F.3d 398, 403-04 (9th Cir. 1996).

7         A district court has original jurisdiction over civil actions

8    where the suit is between citizens of different states and the

9    amount in controversy, exclusive of interest and costs, exceeds

10   $75,000.00.  28 U.S.C. § 1332(a).  Further, an action based on

11   diversity jurisdiction is "removable only if none of the parties in

12   interest properly joined and served as defendants is a citizen of

13   the state in which such action is brought."  28 U.S.C. § 1441(b).

14   Here, Plaintiff contends the parties are not completely diverse for

15   the purposes of federal diversity jurisdiction.  Specifically,

16   Plaintiff alleges that Defendant First Centennial Title is a

17   registered as doing business as JLM Title, LLC ("JLM"), a Nevada

18   limited liability company.  Defendants counter that non-diverse

19   Defendants First Centennial and JLM are fraudulently joined

20   defendants whose Nevada citizenship cannot be used to defeat the

21   exercise of diversity jurisdiction.[3]

22   ─────────────────

23        [3] Defendants also argue that the motion to remand (#9) is
     untimely and that the Court may also exercise federal question
24   jurisdiction.  There arguments are unavailing.  Under 28 U.S.C. §
     1447(c) which provides as follows: "A motion to remand the case on the
25   basis of any defect other than lack of subject matter jurisdiction
     must be made within 30 days after the filing of the notice of removal
26   under 1446(a)."  However, by the very terms of the statute, this time
     limit does not apply where, as here, the motion to remand is based on
27   a lack of subject matter jurisdiction.  Further, "[t]he presence or

28                                    11

1    A fraudulently joined defendant does not "defeat removal on
2  diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318
3  (9th Cir. 1998).  Fraudulent joinder "occurs when a plaintiff fails
4  to state a cause of action against a resident defendant, and the
5  failure is obvious according to the settled rules of the state."
6  Id. at 1318; see also Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d
7  1416, 1426-27 (9 th Cir. 1989); McCabe v. Gen. Foods Corp., 811 F.2d
8  1336, 1339 (9th Cir. 1987).  In determining whether a cause of
9  action is stated against a non-diverse defendant, a court looks only
10 to a plaintiff's pleadings.  Gardner v. UICI, 508 F.3d 559, 561 n.3
11 (9th Cir. 2007).

12    In the first amended complaint (#15), Plaintiff's only
13 allegation against Defendants First Centennial, doing business as
14 Defendant JLM, is that it was the original trustee on the Deed of
15 Trust.  However, First Centennial/JLM was substituted out as the
16 trustee prior to the filing of the underlying Notice of Default and
17 the initiation of non judicial foreclosure proceedings.  Plaintiff
18 has failed to allege that First Centennial and/or JLM took any
19 action in furthering the allegedly wrongful foreclosure of the
20 property.  Furthermore, as stated above with regard to Plaintiff's

21

22 absence of federal-question jurisdiction is governed by the 'well-
   pleaded complaint rule,' which provides that federal jurisdiction
23 exists only when a federal question is presented on the face of the
   plaintiff's properly pleaded complaint." Caterpillar Inc., 482 U.S.
24 at 392 (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13
   (1936)).  The first amended complaint (#15) could not possibly be read
25 to present a federal question as it relies entirely on state
   foreclosure law.  Defendants argument that the complaint's reference
26 to the Nevada Constitution somehow involves the Federal Constitution
   is nonsensical. Accordingly, federal question jurisdiction is absent.

27

28                          12

1  motion to amend the complaint, Plaintiff cannot establish that a

2  trustee breached any duties to Plaintiff because the trustee owed

3  Plaintiff no duty as a matter of law.  See Brown v. Fed. Home Loan

4  Mortg. Corp., No. 2:11-CV-01228, 2011 WL 5877545, at *2 (D. Nev.

5  Nov. 23, 2011) ("[The trustee] asserts that all other claims must

6  also be dismissed, because a trustee owes no duties other than those

7  required by statute. . . . [T]he Court agrees that [the trustee]

8  does not owe special duties to Plaintiff.").  Plaintiff has

9  therefore failed to state a cause of action against First Centennial

10 and JLM.  The Court finds that non-diverse defendants First

11 Centennial and JLM were fraudulently joined defendants whose

12 citizenship does not defeat the exercise of diversity jurisdiction.

13 As there is complete diversity among the parties, the exercise of

14 diversity jurisdiction is appropriate and Plaintiff's motion to

15 remand must be denied.

16 **C. Defendants' Motions to Dismiss (##22, 24)**

17     1. Plaintiff's First Cause of Action for "Unlawful or

18 Fraudulent Foreclosure"

19     Plaintiff claims that the foreclosure on his home is unlawful

20 because Defendants have not produced documents establishing their

21 authority to foreclose.  Plaintiff's claim is completely without

22 merit and belied by the judicially noticed documents.  The facts

23 delineated above indicate a statutorily valid foreclosure where in

24 trustees were properly substituted and beneficial interests were

25 properly assigned via properly notarized and publicly recorded

26 documents.  To the extent that Plaintiff's claim rests primarily on

27

28                                    13

the theory that MERS did not have the authority to assign the

beneficial interest in the underlying note, Courts in this district

have held otherwise.   In Smith v. Community Lending, Inc., the Court

examined language in the deed of trust identical to the language in

the Deed of Trust in this case[4] and found that it was sufficient to

grant MERS authority to assign the beneficial interest in the

underlying debt:

> [T]his language clarifies the scope of MERS' agency on
> behalf of the beneficiary (the lender).  It indicates that
> not only the trustee, as is the custom, but also MERS
> under this deed of trust, may initiate foreclosure.  The
> Court is also convinced that this language is clear
> enough, in conjunction with the (improper) identification
> of MERS as the beneficiary, to indicate that the parties
> intended MERS would be able to transfer the beneficial
> interest in the underlying debt directly.  Although MERS
> is not in fact the beneficiary, the attempt to name it as
> such coupled with the above-quoted language indicates an
> intent to give MERS the broadest possible agency on behalf
> of the owner of the beneficial interest in the underlying
> debt.  Such agency would include the ability to sell the
> interest in the debt.

773 F.Supp.2d 941, 944 (D.Nev. 2011).  For this reason, MERS had the

power to assign the beneficial interest in the underlying note from

the original lender, Eagle Mortgage to BAC/Countrywide via the 2010

---

[4] The identical language in the deed of trust in Smith and in the
Deed of Trust (#24-8) here provides as follows:

> Borrower understands and agrees that MERS holds only legal
> title to the interests granted by Borrower in this Security
> Instrument, but, if necessary to complay with law or
> custom, MERS (as nominee for Lender and Lender's successors
> and assigns) has the right: to exercise any and all of
> those interests, including, but not limited to, the right
> to foreclose and sell the Property; and to take any action
> required of Lender, including but not limited to, releasing
> and cancelling this Security Instrument.

Smith, 773 F.Supp.2d at 943-44; Deed of Trust at 3 (#24-8).

14

Assignment (#24-11).  Moreover, the 2010 Assignment and the 2011 Assignment meet the requirements of the recent Nevada Supreme Court decision Levya v. National Default Servicing Corp., which held that an obligor, such as Plaintiff, has the right to know the identity of the entity that is entitled to enforce the mortgage note.  255 P.3d 1275, 1279-80 (Nev. 2011).  See also Foust v. Wells Fargo, N.A., No. 55520, 2011 WL 3298915, at *2 (Nev. Jul. 29, 2011) (holding that plaintiffs stated a claim where foreclosing defendant could not produce documents establishing a valid assignment of the underlying debt).  Plaintiff was provided with the identities of the entities with authority to enforce the note via these publicly recorded assignments.

Furthermore, even if the 2010 Assignment or the 2011 Assignment are invalid, Plaintiff does not have standing to challenge its validity because Plaintiff is neither a party to nor a third-party beneficiary of the contract between the assignors and assignees - only the parties to those transactions would have standing to challenge their validity.  See Smith, 773 F.Supp.2d at 922 ("The lender or its assigns (the true beneficiary) would of course have standing to challenge MERS' actions on its behalf - for example, if MERS absconded with the proceeds of such a sale - but no entity claiming to hold the underlying debt has made any such challenge here.").

Finally, an action for the tort of wrongful foreclosure, whether or not Plaintiff properly labels it as such, will lie only "if the trustor or mortgagor can establish that at the time the

15

power of sale was exercised or the foreclosure occurred, no breach
of condition or failure of performance existed on the mortgagor's or
trustor's part which would have authorized the foreclosure or
exercise of the power of sale." <u>Collins</u>, 662 P.2d at 623 (Nev.
1983).  The "material issue of fact in a wrongful foreclosure claim
is whether the trustor was in default when the power of sale was
exercised." <u>Id.</u>  Plaintiff has failed to allege that he was not in
default.

       For these three reasons, Plaintiff has failed to state a cause
of action against Defendants for wrongful foreclosure, and
Plaintiff's first cause of action must be dismissed.

       <u>2. Plaintiff's Second and Third Causes of Action for
Declaratory and Injunctive Relief</u>

       Injunctive and declaratory relief are remedies, not independent
causes of action.  <u>Parker v. Greenpoint Mortg. Funding Inc.</u>, No.
3:11-cv-00039-ECR-RAM, 2011 WL 2923949, at *5 (D. Nev. Jul. 15,
2011); <u>In re Wal-Mart Wage & Hour Emp't Practices Litig.</u>, 490
F.Supp.2d 1091, 1130 (D. Nev. 2007).  Because we have dismissed
Plaintiff's single substantive cause of action for unlawful
foreclosure, Plaintiff's second and third causes of action for
declaratory and injunctive relief must also be dismissed.

       Accordingly, Defendants' motions to dismiss (#22, 24) will be
granted.

**D. Plaintiff's Motion for Preliminary Injunction (#30)**

       Plaintiff requests that the Court issue a preliminary
injunction precluding an eviction and allowing Plaintiff to stay on

16

the property.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  In foreclosure cases, because "real property and its attributes are considered unique and loss of real property rights generally results in irreparable harm," the second factor of a requisite for a preliminary injunction is often satisfied.  Dixon v. Thatcher, 742 P.2d 1029, 1029 (Nev. 1987). However, as discussed with regard to the motions to dismiss, Plaintiff has failed to show a reasonable probability of success on the merits.  Because we dismiss all of Plaintiff's claims, a preliminary injunction will not issue.

**E. Plaintiff's Requests for Sanctions, Attorney's Fees, and to Strike (#16, 26)**

     In Plaintiff's responses (##16, 26) to Defendants' motions to dismiss, Plaintiff requests that Defendants' motions be stricken pursuant to Federal Rule of Civil Procedure 12(f), that Defendants be sanctioned, and that Plaintiff be awarded attorney's fees because Defendants cite to unpublished opinions.  First, should Plaintiff's counsel seek sanctions, fees, or to strike Defendants' motions, counsel should do so in a proper motion before the Court properly supported by a memorandum of points and authorities and should not submit such "requests" in untimely responses to Defendants' motions to dismiss.  See Local Rule 7-2.  Second, Plaintiffs' substantive

17

arguments are completely without merit and borderline frivolous.   It is true that unpublished district court opinions are not precedential; however, they may be considered for their persuasive authority.   In re Van Wagoner Funds, Inc. Sec. Litig., 382 F.Supp.2d 1173, 1182 n.5 (N.D.Cal. 2004) (citing Herring v. Teradyne, Inc., 256 F.Supp.2d 1118, 1128 n.2 (S.D.Cal. 2002).   The citation to unpublished opinions does not run counter to Local Rule 7-3(b), which merely states the Court's preferred citation form for opinions that have been reported in the Federal Report System.   Rule 7-3(b) does not speak to unreported cases.   Furthermore, the Ninth Circuit now explicitly allows citation of *its* unpublished decisions.   United States v. Soto-Castelo, 621 F.Supp.2d 1062, 1069 n.2 (D. Nev. 2008) ("Under Ninth Circuit Rule 36-3, unpublished dispositions and order of the court issued on or after June 1, 2007 may be cited to the courts of this circuit in accordance with Fed. R. App. P. 32.1, but are not precedent except when relevant under the doctrine of law of the case or rules of claim preclusion and issue preclusion.").   Finally, Plaintiff's motions and citations to authority themselves often violate Local Rule 7-3(b), as Plaintiff does not provide the proper citation form for Nevada Supreme cases, and Plaintiff cites to Westlaw summaries and does not provide the specific pages upon which the pertinent language appears.   (See, e.g. Mot. Prelim. Inj. at 3, 14 (#30); Opp'n Mot. Dismiss at 5, 7 (#26)).   For these reasons, Plaintiff's "requests" will be denied.

1

### IV. Conclusion

2    Plaintiff's motion to amend will be denied as leave to amend
3 would prove futile: Plaintiff cannot state a cause of action against
4 First Centennial and JLM in their capacity as the original trustee
5 on the Deed of Trust, and Plaintiff cannot state a cause of action
6 against FNMA for wrongful foreclosure.  Moreover, the Court may
7 validly exercise its diversity jurisdiction because non-diverse
8 Defendants First Centennial and JLM were fraudulently joined.
9 Plaintiff's wrongful foreclosure claim fails because MERS had the
10 authority to assign the beneficial interest in the Deed of Trust and
11 the underlying note and Plaintiff failed to make payments.  The
12 substitutions of trustees and the assignments all comport with the
13 law and were properly recorded.  Plaintiff was advised of the holder
14 of the note.  Because we dismiss all of Plaintiff's claim, we will
15 not issue a preliminary injunction as Plaintiff cannot demonstrate a
16 likelihood of success on the merits.

17

18    **IT IS, THEREFORE, HEREBY ORDERED** that Defendants Countrywide,
19 MERS, and Recontrust's motion to dismiss (#7) is **DENIED** as moot due
20 to the subsequent filing of an amended complaint.

21    **IT IS FURTHER ORDERED** that Plaintiff's motion to remand (#9) is
22 **DENIED**.

23    **IT IS FURTHER ORDERED** that Plaintiff's motion to strike and for
24 sanctions and attorney's fees (#16) is **DENIED**.

25    **IT IS FURTHER ORDERED** that Defendants' motions to dismiss (#22,
26 24) are **GRANTED**.

27

28                                    19

1

2      **IT IS FURTHER ORDERED** that Plaintiff's motion to strike (#26)

3 is **DENIED**.

4      **IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary

5 injunction (#30) is **DENIED**.

6      **IT IS FURTHER ORDERED** that Plaintiff's motion to amend

7 complaint (#34) is **DENIED**.

8

9      The Clerk shall enter judgment accordingly.

10

11

12

13

14 DATED: May 22, 2012.

15

16                                        UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28                                    20